# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-166 NAB |
| | ) | |
| LAVANTE BEY, | ) | |
| a/k/a LaVante Lewis, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a motion by defendant LaVante Bey titled "Removal from State Court, Judicial Hearing Request by Plaintiff." For the reasons discussed below, defendant's request to remove his ongoing criminal action from St. Louis County Court must be denied, and this action will be remanded to the Court from which it was removed.

### Background

Defendant is a pro se litigant currently awaiting trial in St. Louis County Court on the charge of filing false documents. *See State v. Lewis,* No. 19SL-CR06044-01 (21st Judicial Circuit, St. Louis County Court). Defendant is currently on bond.

### Defendants' Action

The action presently before the Court is titled "Removal from State Court, Judicial Hearing Request by Plaintiff." Defendant has not attached a jurisdictional statement, nor has he articulated his grounds for removal in this action. Defendant has, however, attached three "addendums" to his complaint: (1) a "certified copy from the Library of Congress" of the Treaty of Peace and Friendship between the Emperor of Morocco and the United States, containing Article XX (20) and (21); (2) a "certified copy" of the proceedings and debates of the 90th Congress, 1st Session,

volume 13, part 121, June 12th, 1967, page 15641; and (3) a "certified copy" of HR 0689 and HR 1203. Defendant asserts that the Treaty of Peace and Friendship shows "that both civil and criminal issues between a Moor or a citizen of the United States must be litigated in federal court." He also states that the debates of the 90th Congress in 1967 provide "that the 14th Amendment is unconstitutional meaning all persons of African descent who were freed as a result of the 13th Amendment can never be U.S. citizens." Defendant states that the House bills 0689 and 1203 are in regard to "his status and nationality and not the artificial BLACK person."

Defendant claims that he is a "Moorish American." He asserts that he has rights as "an Indigenous Aboriginal American National." As noted above, he claims that all civil and criminal issues between Moorish citizens must be litigated in federal court. Additionally, he appears to assert that his status as a Moorish National makes him exempt from the jurisdiction of the laws of the United States of America.

A review of the Grand Jury Indictment filed in *State v. Lewis,* No. 19SL-CR06044-01 (21st Judicial Circuit, St. Louis County Court), shows that defendant's charge of filing false documents relates to the following:

> That Lavante Lewis, in violation of Section 570.095, RSMo, committed the class D felony of filing false documents, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about September 20, 2019 at 3:20 PM, at 41 South Central Avenue, in the County of St. Louis, State of Missouri, the defendant, with the intent to defraud or negatively impact financially, filed a document with the St. Louis Recorder of Deeds that was fraudulent.

This is plaintiff's second attempt to remove his criminal action to this Court. *See State v. LaVante Bey*, No. 4:20-CV-197 JAR (E.D.Mo 2020). In that case, defendant asserted in his civil cover sheet that his rights were deprived under color of law when St. Louis County Police Officers "put guns in [his] face." He also asserted that there was a conspiracy against his rights and that St. Louis County has refused to obey the Moroccan Empire Treaty of Peace and Friendship. He also

argued that he had been subjected to a "bill of attainder" when referring to his criminal action in St. Louis County. The Court remanded the action to St. Louis County Court on March 2, 2020. *Id.*

## Discussion

In this action, defendant seeks removal of his state criminal case to federal court. The arguments attached to the removal petition also indicates an attempt to seek injunctive relief in his criminal case pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the Court will deny the petition for removal and dismiss the request for injunctive relief brought pursuant to 42 U.S.C. § 1983.

### A. Removal

Generally, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). The statute providing for removal that is implicated in this case provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Meanwhile, removal under § 1443(2) is only available "to federal officers and to

persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

Neither prong of § 1443 is applicable to this case. First, defendant does not allege that Missouri violated his rights on account of his race. Rather, defendant alleges that St. Louis County has refused to abide by the Moroccan Empire Treaty of Peace and Friendship, or recognize his status as an Islamic Moslem Moor and his membership under the Moorish American Consulate.

Thus, § 1443(1) is inapplicable. Second, there is no indication whatsoever that defendant is a federal officer or person assisting a federal officer in the performance of official duties. Therefore, § 1443(2) is inapplicable.

Defendant describes himself as a Moorish American through his removal petition, and through this status he seeks to prevail immunity from prosecution. This legal theory is meritless and cannot form the basis for jurisdiction in Federal Court. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). (a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory). The United States does not recognize the Moorish Nation as a sovereign state, *see Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007), *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988), and defendant cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws. *See Khattab*, 1988 WL 5117. The terminology and phrases defendant uses are the type often used by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts, and which have been summarily rejected as frivolous by federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States*

*v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

**B. Section 1983 Claims**

It appears that the arguments reflected in defendant's jurisdictional arguments could relate to civil rights claims brought pursuant to 42 U.S.C. § 1983, as well as those under his removal action. To the extent that defendant is attempting to request injunctive relief under § 1983 this claim must be denied.

The Court notes that a request for injunctive relief over Missouri State Officers seeking to stop a criminal action should be construed as a mandamus pursuant to 28 U.S.C. § 1651. Such an application is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County,* 323 F.2d 485, 486 (8th Cir.1963). The actions of the Missouri States Attorneys or Missouri State Court judges are not within the jurisdiction of this Court. *See Middlebrooks,* 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.,* 528 F.Supp. 496, 498 (E.D.Mo.1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED back to St. Louis County Court**. *State v. Lewis,* No. 19SL-CR06044-01 (21st Judicial Circuit, St. Louis County Court).

5

**IT IS FURTHER ORDERED** that to the extent defendant seeks relief under 42 U.S.C. § 1983 those claims are **DENIED AND DISMISSED.**

**IT IS FURTHER ORDERED** that an appeal from this remand would not be taken in good faith.

Dated this 9th  day of February, 2021.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE